IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MANETIRONY CLERVRAIN                                                                    PLAINTIFF

v.                                          Civil No. 2:20-CV-02061

RAQUEL WILSON and                                                                       DEFENDANTS
UNITED STATES OF AMERICA

## ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se*.  Currently before the Court is Plaintiff's Complaint (ECF No. 1) and Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2).

### A.     IFP Application

Plaintiff is currently incarcerated and is not eligible to proceed *In Forma Pauperis*.  The IFP statute, 28 U.S.C. § 1915, contains what has come to be known as the "three strikes rule," which provides:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Prior to filing this lawsuit in this District, Plaintiff has had more than three cases and appeals dismissed for failing to state a claim upon which relief may be granted.[1]  The three-strikes rule, therefore, applies to Plaintiff.

---

[1] *See, e.g., Clervrain v. Revell*, No. 18-3166, 2019 WL 1058156 (D. Kan. Mar. 6, 2019) (unpublished opinion); *Clervrain v. Coraway*, No. 18-11614, 786 F. App'x. 1 (5th Cir. Jul. 31, 2019) (unpublished opinion); *Clervrain v. Stone*, No. CV 318-028, 2018 WL 3939323 (S.D. Ga. Aug. 16, 2018) (unpublished opinion); *Clervrain v. Coraway*, No. 3:18-CV-0819, 2018 WL 6304411 (N.D. Tex. Dec. 3, 2018) (unpublished opinion).

Nevertheless, Plaintiff may be allowed to proceed IFP if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. §1915(g) (providing that three-strikers should be granted permission to proceed IFP if they are "under imminent danger of serious physical injury"). The Eighth Circuit has explained that the imminent danger exception to section 1915(g) applies only if the prisoner alleges that he is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). As discussed more fully below, Plaintiff has not alleged that he is in any danger, much less imminent danger, at the time he filed this suit.

Accordingly, Plaintiff's Motion to Proceed IFP (ECF No. 2) is DENIED.

### B.    Complaint Screening

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff

must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Plaintiff filed his 212-page Complaint on April 21, 2020. (ECF No. 1). The Complaint is entitled a MOTION FOR SUPPLEMENTAL INJUSTICE ADVERSELY AFFECTED ["THE ANTS'S"], AND FOR ["*RELATED MATER(S)*"] FOR JUSTIFICATION ACT ("TAJA"). The body of the Complaint is unintelligible and contains no factual allegations. Instead, the text contains a wide range of random phrases covering such concepts as traffic violations, apartheid, immigration, genocide, and various international organizations. The introductory sentence to Plaintiff's Complaint states that he is "promoting patriotism values" for the benefit of deportable aliens, first-time offenders, and non-violent offenders. It is impossible to determine what type of claims Plaintiff is bringing and against whom they are brought. The Court can infer no plausible claims from Plaintiff's 212 pages of jabberwocky. *See Martin*, 780 F.2d at 1337 ("Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.").

Accordingly, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). The clerk is DIRECTED to place a § 1915(g) strike flag on the case.

IT IS SO ORDERED this 24th day of April 2020.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE

3